# EXHIBIT A

# STATE COURT
# SUMMONS AND COMPLAINT

ELECTRONICALLY FILED - 2020 Nov 19 5:27 PM - CLARENDON - COMMON PLEAS - CASE#2020CP1400424

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE THIRD JUDICIAL CIRCUIT |
|---|---|
| COUNTY OF CLARENDON | CIVIL ACTION NO.: 2020-CP-14-___ |

| | |
|---|---|
| Judy Negron,<br><br>            Plaintiff,<br><br>-V-<br><br>Sohan Singh Saini and Dana Carriers, LLC<br><br>            Defendants. | SUMMONS |

TO:     **THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed, Solomon Law Group, P.O. Box 1866, Columbia, SC 29202, within THIRTY (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted on November 19, 2020

                                          SOLOMON LAW GROUP, LLC

                          BY:     s/ Carl L. Solomon
                                    Carl L. Solomon (7306)
                                    Reginald C. Hair (102727)
                                    DaQuan Blyther (104369)
                                    Post Office Box 1866
                                    Columbia, SC 29202-1866
                                    (803) 391-3120 (office)
                                    (803) 509-7032 (facsimile)
                                    ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina.

ELECTRONICALLY FILED - 2020 Nov 19 5:27 PM - CLARENDON - COMMON PLEAS - CASE#2020CP1400424

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE THIRD JUDICIAL CIRCUIT |
|---|---|
| COUNTY OF CLARENDON | CIVIL ACTION NO.: 2020-CP-14-____ |

| | |
|---|---|
| Judy Negron,<br><br>    Plaintiff,<br><br>-V-<br><br>Sohan Singh Saini and Dana Carriers, LLC<br><br>    Defendants. | Complaint<br>(Jury Trial Demanded) |

Plaintiff Judy Negron, hereinafter "Plaintiff," complaining of the defendants Sohan Singh Saini hereinafter "Defendant Saini", and Dana Carriers, LLC hereinafter "Defendant Carrier" will show unto this Honorable Court as follows:

## NATURE OF THE CASE

1. This action arises out of a collision where Defendant Saini was operating a tractor-trailer owned by Defendant Carrier. Defendant Saini was traveling South behind Plaintiff's vehicle on Interstate-95 on January 4, 2018. Traffic came to a stop in both southbound lanes. Defendant Saini drove his tractor-trailer between the lands of travel, colling with several vehicles including Plaintiff's vehicle. Plaintiff sustained damages as a result of the collision. This case is brought pursuant to the statutory and common law of the state of South Carolina.

## PARTIES JURISDICTION AND VENUE

2.   Plaintiff is a resident of Orange County, New York.

3.   Upon information and belief, Defendant Saini is a resident of Osceola County, Florida.

4. Upon information and belief, Defendant Carrier is incorporated under the laws of Florida and can be served through its registered agent, Gurprett S. Singh, at 640 Symphony Pl, Davenport, FL, 33896.

5. At all relevant times to this action, Defendant Carrier, US DOT Number 2528514, was an interstate motor carrier authorized to operate in the State of South Carolina for profit pursuant to one or more permits to operate by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

6. At all relevant times to this action, the events at issue took place in Clarendon County, South Carolina.

7. Jurisdiction is proper pursuant to the Constitution and the statutory laws of South Carolina.

8. Venue is proper pursuant to §15-7-30 of the South Carolina Code of Laws, as amended.

## FACTUAL BACKGROUND

9. On January 4, 2018, Defendant Saini was traveling southbound on Interstate-95 in Clarendon County, South Carolina.

10. On January 4, 2018, at or around the time of the collision, traffic traveling south, including Plaintiff's vehicle, came to a stop in the southbound lanes on Interstate-95 in Clarendon County, South Carolina.

11. At or around the time of the collision, Defendant Sani drove his tractor-trailer between the two southbound lanes colliding with multiple vehicles.

12. On January 4, 2018, Plaintiff was traveling southbound on Interstate-95 in Clarendon County, South Carolina.

13. Defendant Saini's vehicle collided with Plaintiff's vehicle.

14. Plaintiff sustained injuries in the above-mentioned collision.

ELECTRONICALLY FILED - 2020 Nov 19 5:27 PM - CLARENDON - COMMON PLEAS - CASE#2020CP1400424

## FIRST CAUSE OF ACTION

(Negligence)

15. Plaintiff incorporates paragraphs 1- 14 above as if set forth verbatim herein.

16. Defendant Saini owed a duty to the public and to drivers of vehicles in their vicinity at the time, including but not limited to Plaintiff, to operate his vehicle in a non-negligent manner.

17. At all times relevant hereto, Defendant Saini was an employee, agent, and/or served of Defendant Carrier.

18. Defendant Carrier is vicariously liable for the acts and/or omissions of Defendant Saini.

19. Defendant Saini was negligent, negligent *per se*, grossly negligent, willful, wanton, and/or reckless in one or more of the following manners, with each sufficient to support the relief sought:

   a. In failing to perceive and react to the traffic around him appropriately;

   b. In driving too fast for conditions;

   c. In failing to timely apply his brakes if any he had;

   d. In failing to take appropriate evasive actions to avoid the collision;

   e. In failing to sound his horn to warn of his looming approach;

   f. In operating a commercial vehicle in a negligent and unsafe manner;

   g. In driving while tired, distracted, or otherwise not fully alert to the hazards around him;

   h. In failing to use that degree of care and caution that a reasonable person would under the same or similar circumstances;

   i. Otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances;

   j. In violating applicable sections of the Federal Motor Carrier Safety Regulations,

which violations constitute negligence *per se*; and

k. In any such other particulars as the discovery process or the evidence at trial may show.

20. All of which were a direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutory and Common Laws of the State of South Carolina.

21. Defendant Sani negligently, carelessly, and recklessly breached the duties owed to Plaintiff and violated the laws intended to protect against and prevent crashes with fellow motorist like him.

22. Due to the negligent, grossly negligent, negligent per se, carless, reckless, willful and wanton acts and omissions of Defendant Saini as set forth above, Defendant Saini is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## SECOND CAUSE OF ACTION

(Negligent Hiring, Retention, and training)

23. Plaintiff incorporates paragraphs 1 – 22 above as if set forth verbatim herein.

24. Defendant Carrier owed a duty to the public and to operators and occupants of other vehicles in his vicinity at the time, including, but not limited to Plaintiff, to use reasonable care in selecting, training, and/or retraining an employee and/or agent who was competent and fit to perform the duties required as an employee and/or agent operating a tractor-trailer.

25. Defendant Reinhart is liable for the negligent actions and omissions of Defendant Saini pursuant to the doctrine of respondent superior and the law of agency.

26. In order to obtain a USDOT number from the federal government, an authorized official of Defendant Carrier certified that he/she was familiar with the Federal Motor Carrier Safety Regulations.

27. As an employer, Defendant Carrier, was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Saini in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company under the same or similar circumstances.

28. Defendant Carrier was at all relevant times a duly authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Saini, was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

29. As a motor carrier, Defendant Carrier, had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Saini, the duty to properly train Defendant Saini, the duty to supervise the hours of service of Defendant Saini, the duty to properly maintain its vehicles including leased vehicles, the duty to entrust a tractor and trailer only to those capable and qualified of handling a dangerous instrumentality, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

30. Defendant Carrier was also independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Regulations and industry standards.

31. As a direct and proximate result of the negligence, gross negligence, negligence per se, recklessness and willful wanton actions and inactions of Defendant Carrier in the above-referenced ways, Plaintiff sustained serious personal injuries.

32. Defendant Carrier independently violated its duty of care to Plaintiff and others on the public roadways, and was carless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions in the following ways:

    a. In hiring a driver without the skill, knowledge, training, and/or experience to

ELECTRONICALLY FILED - 2020 Nov 19 5:27 PM - CLARENDON - COMMON PLEAS - CASE#2020CP1400424

properly and safely operate the tractor-trailer;

b. In failing to ensure that Defendant Saini was qualified to drive a tractor-trailer;

c. In failing to properly train Defendant Saini to operate the tractor-trailer that was involved in this wreck;

d. In negligently entrusting the tractor-tailer to the care, control, custody, and use of Defendant Saini without adequately checking his qualification to operate this tractor-trailer;

e. In negligently entrusting the tractor-trailer to the care, control, custody and use of Defendant Saini without adequately supervising him to ensure that he safely drove and operated the tractor-trailer;

f. In failing to have a in place adequate policies and procedures to mandate compliance by its drivers with State and Federal statutes, laws, and regulations regarding the operations of tractor-trailers or, if such policies and procedures were in place, in failing to enforce them;

g. In failing to have in place an adequate safety program for the safety and protection of the public lawfully on the roadways;

h. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same or similar circumstances; and

i. In such other particulars that may be discovered and/or shown in the discovery process and/or trial of this case.

33. All of which were a direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutory and Common Laws of the State of South Carolina.

ELECTRONICALLY FILED - 2020 Nov 19 5:27 PM - CLARENDON - COMMON PLEAS - CASE#2020CP1400424

34. Defendant Carrier negligently, carelessly, and recklessly breached the duties owed to Plaintiff and violated the laws intended to protect against and prevent crashes with fellow motorist like him.

35. Due to the negligent, grossly negligent, negligent per se, carless, reckless, willful and wanton acts and omissions of Defendant Carrier as set forth above, Defendant Carrier is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## DAMAGES

36. Plaintiff incorporates paragraphs 1- 35 above as if set forth verbatim herein.

37. As a direct and proximate result of the Defendants' acts and/or omissions described above, Plaintiff suffered actual damages, including but not limited to, medical expenses and pain and suffering.

38. For reasons cited above and more still yet to be discovered, the conduct of Defendants constituted a conscious disregard for the life and safety of Plaintiff and for the lives and safety of the motoring public in general, and therefore Defendants are liable to Plaintiff for exemplary, or punitive damages.

39. Plaintiff would further show that the acts and omissions Defendants and/or their agents, were committed knowingly, willfully, intentionally with actual awareness, and with the specific and calculated intent of enriching the Defendants at the expense of Plaintiff and the motoring public. Plaintiff seeks recovery of punitive damages to punish Defendants for such unconscionable misconduct and to deter such actions and omissions in the future by them and others in their industry.

ELECTRONICALLY FILED - 2020 Nov 19 5:27 PM - CLARENDON - COMMON PLEAS - CASE#2020CP1400424

40. Accordingly, Defendants are jointly and severally liable to Plaintiff for punitive damages to punish, penalize, and deter each of these Defendants and others from similar conduct in the future.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

    a. Trial by jury;

    b. Actual damages in an amount to be determined by a jury;

    c. Punitive damages in an amount to be determined by a jury; and

    d. Such further relief as this court deems just and proper.

Respectfully submitted on November 19, 2020.

                              SOLOMON LAW GROUP, LLC

                BY:       s/ Carl L. Solomon
                              Carl L. Solomon (7306)
                              Reginald C. Hair (102727)
                              DaQuan Blyther (104369)
                              Post Office Box 1866
                              Columbia, SC 29202-1866
                              (803) 391-3120 (office)
                              (803) 509-7033 (facsimile)
                              ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina.